UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

STEVEN AMMANN,

Plaintiff,

— against —

SHARESTATES, INC., and ALLEN
SHAYANFEKR,

Defendants.

Case No.  2:24-cv-06586 (SJB) (ST)

## MEMORANDUM OF LAW IN SUPPORT OF
## ALL DEFENDANTS' CONSOLIDATED MOTION TO DISMISS
## THIS ACTION AS DUPLICATIVE OF A PENDING, FIRST-FILED ACTION

GOLENBOCK EISEMAN ASSOR BELL &
PESKOE LLP

711 Third Avenue, 17th Floor
New York, New York 10017
(T) 212 907-7300

*Attorneys for Defendants Sharestates, Inc., all alleged Sharestates entities,, Amy Doshi, Diane Mockler, Christina Deldonna, Amy Liu, Nicole Jospeh, Stephan Leccese, Chi Chan, Golenbock Eiseman Assor Bell & Peskoe LLP, Alexander Leonard, Michael Munoz and Jeffrey Golenbock*

PRESS KORAL LLP

641 Lexington Avenue, 13th Floor
New York, NY 10022
(T) 917-881-1347

*Attorneys for Defendants Intercap, Inc., Intercap Equity Inc, Intercap Income Inc., Jason Chapnick and James Merkur*

EMOUNA & MIKHAIL, P.C.

100 Garden City Plaza, Suite 520
Garden City, New York 11530
(T) 516-877-9111
*Attorneys for Defendants Allen Shayanfekr, Ray Davoodi, Radni Davoodi, Rayman Mathoda and Matin Emouna*

FOX ROTHSCHILD LLP

101 Park Avenue, 17th Floor
New York, NY 10178
(T) 212-878-7900
bberman@foxrothschild.com
toconnor@foxrothschild.com
*Attorneys for Defendant Hari Maddali*

5310581.3

**Page**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................1

BACKGROUND ...................................................................................................................2

      *Ammann I* ...............................................................................................................2

      *The Present Action* ...............................................................................................3

ARGUMENT ........................................................................................................................6

I.      RELEVANT LEGAL STANDARDS ...........................................................................6

II.     THE PRESENT ACTION AND *AMMANN I* ARISE FROM A COMMON
      NUCLEUS OF OPERATIVE FACTS ...........................................................................7

      A.     The Amended Complaint's Commission Claims Mirror The Claims In
            *Ammann I* ...............................................................................................7

      B.     The Amended Complaint's Litigation Claims Allege Misconduct In
            *Ammann I*, And Allege Conduct For Which Plaintiff Already Has Sough
            Relief In *Ammann I* ...............................................................................8

      C.     The Amended Complaint's Remaining Allegations Do Not Render
            This Action Non-Duplicative ...................................................................9

      D.     The Defendants In This Action Are Alleged To Be In Privity With The *Ammann I*
            Defendants ...............................................................................................10

      E.     Permitting The Present Action To Proceed Would Improperly Expand
            Plaintiff's Pleading Rights ......................................................................11

CONCLUSION .....................................................................................................................12

5310581.3

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AmBase Corp. v. City Investing Co. Liquidating Tr.*,
326 F.3d 63 (2d Cir. 2003)..................................................................................................9

*Ammann v. Sharestates, Inc., et al.*,
Case No. 21-cv-02766 (SJB) (ST) .............................................................. *passim*

*Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*,
56 F.3d 359 (2d Cir. 1995).................................................................................................13

*D'Antuono v. Reliance Standard Life Ins. Co.*,
No. 3:18-cv-347(GLS)(DEP), 2019 WL 1230356 (N.D.N.Y. Mar. 15, 2019).........................9

*ICICI Bank Ltd., New York Branch v. Doshi*,
2024 WL 1242531 (S.D.N.Y. Mar. 22, 2024) ...........................................................14

*Sacerdote v. Cammack Larhette Advisors, LLC*,
939 F.3d 498 (2d Cir. 2019)................................................................................................9

*In re Teltronics Servs., Inc.*,
762 F.2d 185 (2d Cir.1985).................................................................................................14

*Wang v. Ren*,
2023 WL 1977233 (2d Cir. Feb. 14, 2023)...............................................................9

5310581.3

All Defendants to this lawsuit, through their respective undersigned counsel, respectfully submit this memorandum of law in support of their consolidated motion (the "Motion"), pursuant to this Court's inherent power to manage its dockets, to dismiss Plaintiff's Amended Complaint on the ground that the present lawsuit (the "Action") is duplicative of Plaintiff's prior-filed, pending lawsuit.

## PRELIMINARY STATEMENT

In 2021, Plaintiff commenced a lawsuit against Sharestates, Inc. ("Sharestates") and Sharestates' CEO, Allen Shayanfekr ("Shayanfekr" and, together with Sharestates, the "*Ammann I* Defendants"), titled *Ammann v. Sharestates, Inc., et al.*, Case No. 21-cv-02766 (SJB) (ST) ("*Ammann I*"). Plaintiff's operative pleading in *Ammann I* is an Amended Complaint (the "*Ammann I* Complaint") in which Plaintiff alleges that Sharestates breached an agreement with Plaintiff by failing to pay Plaintiff commissions he was owed, engaged in violations of New York's Labor Law, and retaliated against Plaintiff after he commenced that lawsuit. Discovery in *Ammann I* ended in March, 2024. (*Ammann I* Docket Entry ("DE") dated February 28, 2024) Plaintiff initially was represented by counsel in *Ammann I*, and remained represented by counsel in *Ammann I* up until April, 2025, over one year after discovery was completed. (*Ammann I* DE dated May 20, 2024 and DE 152)

Plaintiff commenced the present Action *pro se* in September, 2024, while he was still represented by counsel in *Ammann I*. Through his original Complaint and his Amended Complaint in this Action, Plaintiff sought to accomplish what his attorneys had not previously done – to assert a number of additional claims that are closely related to the claims asserted in *Ammann I* against a number of Defendants that are closely related to the *Ammann I* Defendants. At their core, these

claims seek damages sought in *Ammann I*, and other relief for alleged litigation misconduct in *Ammann I*, for which Plaintiff already has sought and relief in that lawsuit.

Plaintiff's second-filed Action therefore is an attempt to circumvent the procedure for amending his pleading in *Ammann I* long after discovery had completed, by commencing a second lawsuit arising out of the same alleged contractual relationship with Sharestates, and commissions he allegedly is owed, that form the basis of *Ammann I*.  The only meaningful difference between the two actions is that the Amended Complaint in the present Action not only seeks allegedly unpaid commissions, but also to sanction alleged litigation misconduct in *Ammann I*.

This second Action is an attempt by Plaintiff to misuse court tools to his advantage, and to avoid the standards applicable to what is effectively a motion for leave to amend the *Ammann I* Complaint and also get a second bite at sanctions allegations.  The Court should dismiss this Action as duplicative of *Ammann I*, and thereby require Plaintiff to abide by the standards applicable to all litigants who seek to amend their pleadings at a late stage of litigation.

## BACKGROUND

### *Ammann I*

Plaintiff first filed suit in this District against the *Ammann I* Defendants in 2021.  The *Ammann I* Complaint alleges that Sharestates entered into an agreement with Plaintiff under which Plaintiff provided "[s]ervices related to the generation of loan purchase agreements" and under which Sharestates would pay Plaintiff commissions on revenue Sharestates received "in connection with loan purchases executed by the investors introduced to Company" and in connection with loan sales "utilizing the warehouse line [Plaintiff] introduced" to Sharestates. (*Ammann I* DE 47 ¶¶ 34, 35, 38)

The *Ammann I* Complaint alleges that Sharestates' accounting of Plaintiff's commissions was rife with "inaccuracies, omissions, and errors" that resulted in the underpayment of Plaintiff's

2

commissions and that "at worst, . . . reflected a purposeful effort to deprive Ammann of his earned commissions."  (*Ammann I* DE 47 ¶¶ 56, 60)  The *Ammann I* Complaint alleges that Plaintiff repeatedly demanded "all information necessary to calculate the amount in earned commissions he is owed" but that Sharestates "has refused to provide" that information to Plaintiff.  (*Id.* ¶ 87)  The *Ammann I* Complaint alleges that Plaintiff has been injured by resulting underpayment of commissions, and that he is in fact entitled to commissions in an amount exceeding the commissions that he actually received from Sharestates.

The *Ammann I* Complaint further alleges that after Plaintiff commenced *Ammann I*, Sharestates sold "loans to Plaintiff's investors *at a loss* and, upon doing so, have claimed that Plaintiff owes Sharestates a *negative* or *reverse* commission for these sales," and also filed a frivolous counterclaim against Plaintiff.  (*Ammann I* DE 47 ¶¶ 136, 139 (emphasis in original))  The *Ammann I* Complaint alleges that both acts were retaliatory, and have caused injury to Plaintiff in the form of "legal costs and delays."  (*Id.* ¶ 142)

Plaintiff asserts five causes of action in *Ammann I*:  one against Sharestates for breach of contract, and four against Sharestates and Shayanfekr under New York's Labor Law (alleging that both Sharestates and Shayanfekr were Plaintiff's employers).  The Labor Law claims include claims for unpaid commissions and for retaliation.  (*Ammann I* DE 47 ¶¶ 143-181)

### The Present Action

Plaintiff commenced the present Action *pro se* in September 2024, and amended his Complaint on April 2, 2025.  In his Amended Complaint (DE 37), Plaintiff sues numerous Sharestates entities, employees, directors, attorneys and investors, in addition to the same two defendants he sued in *Ammann I*.  Each Defendant submitted a letter to this Court seeking permission to make a motion dismiss the Amended Complaint on multiple grounds.  On July 1,

3

5310581.3

2025, this Court ordered the parties to submit briefing "solely on th[e] issue" of whether the claims in *Ammann II* are duplicative of the claims in *Ammann I*. (DE 129 at 5)[1] The Amended Complaint's Counts are set forth below.

Counts I and II of the Amended Complaint are asserted under 18 U.S.C. § 1962, alleging RICO acts and conspiracy. Those counts allege that Sharestates and the other Defendants conspired in (a) "generating fraudulent loan transactions and concealing [Sharestates'] profits," (b) submitting false discovery in lawsuits to which Sharestates is a party [including in *Ammann* I] and "intimidation of witnesses," (c) "misconduct directed at [Sharestates'] institutional investors," and (d) filing a counterclaim in *Ammann I* "that was both frivolous and retaliatory." (DE 37 ¶¶ 49-53) With respect to Counts I and II, the Amended Complaint alleges Plaintiff's injuries as "the loss of commissions, litigation costs, reputational harm, and the inability to access or use stolen and suppressed data critical to his compensation." (DE 37 ¶ 56 (*see also id.* ¶ 61)

Counts III, IV and V of the Amended Complaint are for malicious prosecution, abuse of process and "fraudulent misrepresentation." Each of those Counts alleges litigation-related misconduct during *Ammann I*. Counts III and IV alleges that this alleged misconduct injured Plaintiff's reputation, "delay[ed] Plaintiff's recovery of lost wages," and increased Plaintiff's *Ammann I* litigation costs. (DE 37 ¶ 68; *see also id.* ¶ 65) Count V does not allege any particular injury. (*Id*. ¶¶ 69-70)

Counts VI, VII, IX, X, XI, and XII all sound in fraud, and all allege business, accounting or record-keeping practices that purportedly reduced the amount of commissions that Sharestates paid to Plaintiff. (DE 37 ¶¶ 72, 73, 75, 76 (implicitly), 77, 78)

---

[1] Defendants do not waive any arguments asserted in their letters that are not addressed herein. Defendants are prepared to move for dismissal on those grounds should the Court find that Plaintiff's two lawsuits are not duplicative.

4

Count VIII alleges that Sharestates engaged in "improper clawbacks" and "retained Plaintiff's commissions and forced him to pay back money to the company for loans sold for a loss," labelling this alleged conduct as "Negative Compensation." Plaintiff does not state a specific injury for this Count, but alleges that he was "forc[ed]" to "repay" money to Sharestates as a result of the alleged "clawbacks." (DE 37 ¶ 74)

Count XV is for "Retaliation under NY Labor Law § 215," including by Sharestates "filing false counterclaims" in *Ammann I*. Count XV therefore is identical to the Fifth Cause of Action asserted in *Ammann I*. (DE 37 ¶ 84)

Counts XIII and XIV are for perjury and spoliation of evidence in *Ammann I*, and Count XVI is for "litigation abuse" in *Ammann I*. Plaintiff does not state a specific injury for these Counts, but generally alleges in the amended Complaint that he has been injured in the form of increased costs and delays in *Ammann I*.

Count XIX is for aiding and abetting fraud, based on allegations that certain Defendnats participated in misrepresenting Sharestates' financial information to the public and in *Ammann I*, injuring Plaintiff's reputation and causing him a loss of commissions. (DE 37 ¶¶ 106, 109)

Thus, Counts I through IV, XV, and XIII through XVI (the "Litigation Counts") all allege some form of misconduct in connection with the ongoing *Ammann I* lawsuit, and Counts I, II, VI through XII and XIX (the "Commissions Claims") all allege actions that had the effect of improperly reducing the amount of commissions that Sharestates paid to Plaintiff.

Finally, the Amended Complaint seeks several remedies, including monetary damages, the appointment of a receiver, prejudgment attachment, injunctive relief, referral of certain attorneys to "the U.S. Attorney's Office and relevant disciplinary bodies," referral of Sharestates to the United

5310581.3

States Securities and Exchange Commission and New York's Department of Financial Services, and a protective order "necessary to ensure Plaintiff's physical safety."  (DE 37 ¶¶ 114, 121-143))

## ARGUMENT

### I.    RELEVANT LEGAL STANDARDS

This Court has the discretion to dismiss a second-filed lawsuit that is duplicative of another federal lawsuit that is already pending.  *Wang v. Ren*, 2023 WL 1977233 at *1 (2d Cir. Feb. 14, 2023).  The rule against duplicative litigation, while "distinct from . . . the doctrine of claim preclusion or *res judicata*," serves the same goals of "foster[ing] judicial economy," namely "protect[ing] the parties from vexatious and expensive litigation," and ensuring the "comprehensive disposition of litigation."  *Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498, 504 (2d Cir. 2019) (citations omitted).  The related doctrine of res judicata "is based on the belief that it is fairer to require a plaintiff to present in one action all of his theories of recovery relating to a transaction, and all of the evidence relating to those theories, than to permit him to prosecute overlapping or repetitive actions in different courts or at different times."  *AmBase Corp. v. City Investing Co. Liquidating Tr.*, 326 F.3d 63, 73 (2d Cir. 2003) (internal quotations omitted).

In order to determine whether one lawsuit is duplicative of another, courts assess whether the two actions are "based on a common nucleus of operative facts" and whether the defendants to the two actions have a "sufficiently close relationship" such that they are in privity.  *D'Antuono v. Reliance Standard Life Ins. Co.,* No. 3:18-cv-347(GLS)(DEP), 2019 WL 1230356, at *1 (N.D.N.Y. Mar. 15, 2019); *Wang*, 2023 WL 1977233 at **1-2.

6

5310581.3

## II. THE PRESENT ACTION AND *AMMANN I* ARISE FROM A COMMON NUCLEUS OF OPERATIVE FACTS

### A. The Amended Complaint's Commission Claims Mirror The Claims In *Ammann I*

In both of his lawsuits, Plaintiff alleges an agreement between Plaintiff and Sharestates under which Plaintiff was entitled to commissions on revenue Sharestates earned from loan sales to institutional investors that Plaintiff introduced to Sharestates, and on revenue from loan sales facilitated by the "warehouse line" that Plaintiff introduced to Sharestates. Both actions allege that Sharestates engaged in improper accounting and record-keeping practices that had the effect of improperly reducing the amount of commissions that Sharestates paid to Ammann. Thus, in *Ammann I*, Plaintiff alleges "inaccuracies, omissions, and errors" in Sharestates' accounting of Plaintiff's commissions, that "at worst . . . reflected a purposeful effort to deprive Ammann of his earned commissions." (*Ammann I* DE 47 ¶¶ 56, 60) In the present Action, Plaintiff similarly alleges that Sharestates provided "inaccurate accounting reports" for his commissions and that Sharestates "suppressed and intentionally hid[] income" for the purpose of paying Plaintiff lower commissions than he deserved. Plaintiff alleges in both actions that Plaintiff demanded accurate accounting information from Sharestates, but that Sharestates refused to provide such information. (*Ammann I* DE 47 ¶ 87 ("Despite his repeated demand for disclosure from the Company as to all information necessary to calculate the amount in earned commissions he is owed under the Agreement, the Company has refused to provide it."); DE 37 ¶ 81 ("Defendants refused to produce QuickBooks and income reports until compelled and altered key financial documents.")) Accordingly, the same factual allegations underpin Plaintiff's claims to unpaid commissions in both cases.

Plaintiff also asserts identical allegations in both actions concerning the "negative commission" that Sharestates supposedly charged against Plaintiff. In *Ammann I*, Plaintiff alleges

7

5310581.3

that "Defendants started selling loans to Plaintiff's investors *at a loss* and, upon doing so, have claimed that Plaintiff owes Sharestates a *negative* or *reverse* commission for these sales." (*Ammann I* DE 47 ¶ 136)  In the present action, Plaintiff alleges unpaid commissions on "income that was retained by Defendants due to claimed Negative Commissions where they sold loans at a loss at their sole discretion and unilaterally forced Plaintiff to pay Defendants."  (DE 37 ¶ 122)

Because Plaintiff's Commissions Claims in this Action all arise from allegations already made in *Ammann I*, with both lawsuits seeking damages for allegedly unpaid commissions, the Commissions Claims in this Action are duplicative of the claims asserted in *Ammann I*.

> **B.      The Amended Complaint's Litigation Claims Allege Misconduct In *Ammann I*, And Allege Conduct For Which Plaintiff Already Has Sought Relief In *Ammann I***

As is set forth above, Plaintiff's Litigation Claims in this Action all arise from alleged misconduct in *Ammann I*.  (*See, e.g.*, DE 37 ¶ 38 ("Plaintiff was forced to file nine motions to compel . . ."); ¶ 40 ("Defendants revised their Rule 26 disclosures four times . . ."); ¶ 47 ("Defendants filed a second frivolous counterclaim [in *Ammann I*] for overpayment, based on fabricated accounting data . . ."); ¶ 60 ("This enterprise conducted its affairs through . . . submission of false declarations to federal court, fraudulent alteration of accounting files and Rule 26 disclosures, obstruction of discovery, intimidation of witnesses, and fraudulent fundraising communications with the public."); ¶ 79 ("Defendants . . .misled the court"))

This Court previously noted that claims "for litigation misconduct in one case are to be pursued in that case, not by opening an entirely new case." (DE 129 at 4-5)  Additionally, Plaintiff already has sought and obtained relief in *Ammann I* for that alleged misconduct, including by obtaining attorney's fees arising from one of Sharestates' counterclaims, and by alleging that Sharestates engaged in perjury and the production of deceptive discovery.  (*See Ammann I* DE

8

5310581.3

117, 129, 140, 149)  Thus, Plaintiff in this Action makes the same allegations and seeks the same

relief that he has sought and in part obtained through motion practice in *Ammann I*.

      **C.      The Amended Complaint's Remaining Allegations Do Not Render This Action Non-Duplicative**

The Amended Complaint alleges that Sharestates engaged in business practices that

deceived and injured certain non-parties to this Action.  For example, the Amended Complaint

alleges that Defendants' "pattern of conduct also includes misconduct directed at institutional

investors" including "alleged fraudulent loan origination practices, material misrepresentations,

and concealed borrower defaults."  (DE 37 ¶ 62) Plaintiff does not and cannot assert that he has

standing to pursue relief for alleged injuries to non-parties.  Instead, Plaintiff alleges that those

practices have somehow injured his own reputation, and the Amended Complaint seeks relief for

that alleged injury.  While that form of legal relief is not sought in *Ammann I*, the factual allegations

underlying those claims are the same ones asserted in *Ammann I*.  The *Ammann I* Complaint alleges

that Sharestates "was selling a disproportionate amount of 'bad' loans, i.e., loans with flawed

fundamentals or understated risks, to investors [Plaintiff] had introduced," and was "misrepresenting

information to other investors as well, including those [Plaintiff] introduced, regarding the

underlying fundamentals of certain loans."  (*Ammann I* DE 47 ¶¶ 106-107)

Thus, even for claims in this Action that are not explicitly asserted in *Ammann I*, Plaintiff

relies upon the same types of allegations made in *Ammann I*, such that those claims arise from the

same common nucleus of facts that Plaintiff asserted in *Ammann I*.

**D.      The Defendants In This Action Are Alleged To Be In Privity With The *Ammann I* Defendants[2]**

Each of the Defendants in this Action is allegedly affiliated with Sharestates, and all of the Defendants are alleged to have acted in concert with Sharestates.  Those Defendants consist of Sharestates' current or former employees;[3] Sharestates' current or former directors;[4] Sharestates' investors;[5] Sharestates' outside counsel;[6] and a number of entities allegedly "controlled, and operated by the officers and board members of Sharestates Inc. to facilitate the ongoing enterprise described in this Complaint."[7]   (DE 37 ¶¶ 6-16)   Throughout the Amended Complaint, these Defendants are alleged to have been "involved in," "authorized," "support[ed]," and "assisted" certain alleged actions by Sharestates, or to have "failed to prevent" other alleged wrongdoing. The Defendants are not alleged to have engaged in any conduct that is separate and apart from their alleged relationships with Sharestates.

---

[2]  Defendant Hari Maddali joins in the relief sought in this Motion but notes that Sharestates has separately commenced an action against him that remains pending in this District, and that he and certain of the other named defendants herein are directly adverse to one another in that proceeding.  *See Sharestates, Inc. v. Maddali, et al.*, 2:24-cv-00812 (GRB)(ST).  Nothing herein shall operate as a concession of law or fact or otherwise prejudice the parties' respective rights in connection with that proceeding.

[3] Amy Doshi, Diane Mockler, Christina Deldonna, Amy Liu, Nicole Jospeh, Stephan Leccese, Chi Chan and Hari Maddali.

[4] Allen Shayanfekr, Ray Davoodi, Radni Davoodi, David Sakhai, Jason Chapnik, James Merkur and Rayman Mathoda.

[5] Intercap Equity Inc., Intercap Income Inc., and Intercap Inc.

[6]  Golenbock Eiseman Assor Bell & Peskoe LLP, Alexander Leonard, Michael Munoz, Jeffrey Golenbock and Matin Emouna.

[7] Sharestates Agency Capital LLC (New Jersey); Sharestates Agency Capital LLC (Delaware); Sharestates Agency Capital LLC (New York); Sharestates Agency Capital LLC (Pennsylvania); Sharestates AM Revolving Line LLC (Delaware); Sharestates Equities LLC (Delaware); Sharestates FI Line LLC (Delaware); Sharestates FP Funding LLC (Delaware); Sharestates Funding I Trust (Delaware); Sharestates I LLC (Delaware); Sharestates IBI Line LLC (Delaware); Sharestates Intercap Line LLC (New York); Sharestates Intercap Line LLC (Delaware); Sharestates Investments DACL LLC (New York); Sharestates Investments DACL LLC (Ohio); Sharestates Investments DACL LLC (Delaware); Sharestates Investments II LLC (Delaware); Sharestates Loan Servicing LLC (Delaware); Sharestates PA Holdings LLC (Delaware); Sharestates PM Line LLC (Delaware); Sharestates PM Line LLC (New York); Sharestates REO LLC (Delaware); and Sharestates REO LLC (New Jersey).

10

5310581.3

"[T]he principle of privity bars relitigation of the same cause of action against a new defendant known by a plaintiff at the time of the first suit where the new defendant has a sufficiently close relationship to the original defendant to justify preclusion." *Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 367–68 (2d Cir. 1995) (finding a lack of privity where a prior action affected the defendant in a representative capacity as a bareboat charterparty).  Here, each of the Defendant is alleged to have a direct relationship to Sharestates and is alleged to have acted in concert with Sharestates.  Indeed, fundamental to the Amended Complaint's claims is that the Defendants are co-conspirators with one another, and therefore are in privity with one another.  *ICICI Bank Ltd., New York Branch v. Doshi*, 2024 WL 1242531, at *4 (S.D.N.Y. Mar. 22, 2024) ("In RICO cases like this one, courts have consistently 'held that alleged co-conspirators are 'in privity' with one another for res judicata purposes.'") (internal citation omitted); *see also In re Teltronics Servs., Inc.,* 762 F.2d 185, 192 (2d Cir.1985) (where defendant "was alleged to be a co-conspirator in the second Southern District action filed by" plaintiff, defendant "is entitled to the *res judicata* effect of that decision").

Here, where Plaintiff alleges direct relationships between Sharestates and each other Defendant, and solely alleges that each other Defendant was acting in concert with Sharestates, privity exists between Sharestates and each other Defendant such that the claims against each other Defendant arise from the same common nucleus of facts that are asserted in *Ammann I*.

### E.    Permitting The Present Action To Proceed Would Improperly Expand Plaintiff's Pleading Rights

The Court should exercise its discretion to dismiss *Ammann II* as duplicative because not doing so would improperly expand Plaintiff's pleading rights.  This Action was filed well after discovery in *Ammann I* ended and there is no Order in *Ammann I* permitting Plaintiff to amend the *Ammann I* Complaint at the time he filed this Action  Perhaps in order to avoid seeking the Court's

leave to file another amended pleading in *Ammann I* adding more than thirty Defendants, Plaintiff filed the present Action.  Allowing the present Action to proceed would bypass the procedural requirements set forth in F.R.C.P. Rule 15 and associated caselaw, and permit Plaintiff to assert claims that are duplicative of those asserted in *Ammann I* when he may not have been permitted to pursue those claims in his first-filed lawsuit.  That result would improperly expand Plaintiff's pleading rights, and unfairly prejudice Defendants.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Action be dismissed as duplicative of *Ammann I*, and request any other relief that this Court deems just and proper.

Dated:        New York, New York
              August 5, 2025

GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP

By: /s/ Michael M. Munoz
        Michael M. Munoz


711 Third Avenue, 17th Floor
New York, New York 10017
(T) 212 907-7300

mmunoz@golenbock.com

*Attorneys for Defendants Sharestates, Inc., all alleged Sharestates entities,, Amy Doshi, Diane Mockler, Christina Deldonna, Amy Liu, Nicole Jospeh, Stephan Leccese, Chi Chan, Golenbock Eiseman Assor Bell & Peskoe LLP, Alexander Leonard, Michael Munoz and Jeffrey Golenbock*

PRESS KORAL LLP

By:  /s/ Jason Koral
        Jason Koral


641 Lexington Avenue, 13th Floor
New York, NY 10022
(T) 917-881-1347
jkoral@presskoral.com

*Attorneys for Defendants Intercap, Inc., Intercap Equity Inc, Intercap Income Inc., Jason Chapnick and James Merkur*

[Signatures continue on the following page]

12

EMOUNA & MIKHAIL, P.C.

By:  /s/ Matin Emouna
        Matin Emouna


100 Garden City Plaza, Suite 520
Garden City, New York 11530
(T) 516-877-9111
memouna@emiklaw.com

*Attorneys for Defendants Allen Shayanfekr, Ray Davoodi, Radni Davoodi, Rayman Mathoda and Matin Emouna*

FOX ROTHSCHILD LLP

By: /s/ Thomas P. O'Connor
        Brett A. Berman
        Thomas P. O'Connor


101 Park Avenue, 17th Floor
New York, NY 10178
(T) 212-878-7900
bberman@foxrothschild.com
toconnor@foxrothschild.com

*Attorneys for Defendant Hari Maddali*

## LOCAL RULE 7.1 CERTIFICATE

Michael M. Munoz, an attorney signing this memorandum of law, certifies pursuant to Local Rule 7.1 that the memorandum of law contains 3,543 words, inclusive of footnotes but exclusive of the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates.  In calculating the number of words, I relied upon on the word count of the word-processing program used to prepare the document.

/s/ Michael M. Munoz

13

5310581.3